IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT L. JOHNSON #461158 | § | |
| v. | § | CIVIL ACTION NO. 5:06cv38 |
| SHAMETRIA WILLIAMS, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Johnson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson complained that he learned on November 23, 2005, that a disciplinary report had been filed against him, when he received a copy of this report from a counsel substitute named Terri Johnson. He says that there was no preliminary investigation, no disciplinary review done by the Mental Health Department, and that he was not even aware that Officer Williams had written the case until he was notified of it.

A hearing was held on November 30, 2005, Johnson says, at which time he was found guilty of failing or refusing to obey an order. As punishment he received 45 days of cell and commissary restriction and a reduction in classification status. He says that the case is not true because on the time and date alleged, he was at work.

The Magistrate Judge reviewed Johnson's allegations and concluded that the lawsuit was frivolous because he had failed to show the deprivation of any constitutionally protected liberty interests. The Magistrate Judge looked to the Supreme Court's opinion in Sandin v. Conner, 115 S.Ct. 2293 (1995), in which the Court said that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but that these interests are generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2301. The Court further explained that the relevant operative interest was not the language of the regulations, but rather the nature of the deprivation involved. Sandin, 115 S.Ct. at 2300.

In this case, the deprivations involved included cell and commissary restrictions and a reduction in classification status. As the Magistrate Judge observed, the Fifth Circuit has held that these deprivations do not exceed a prisoner's sentence in such an expected manner as to give rise to protection by the Due Process Clause of their own force, nor do they impose a significant and atypical hardship in relation to the ordinary incidents of prison life. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000); Pichardo v. Kinker, 73 .3d 612, 613 (5th Cir. 1996). Consequently, these punishments do not demonstrate the deprivation of a constitutionally protected liberty interest.

Because the deprivations imposed upon Johnson did not violate any constitutionally protected liberty interests, his claims regarding these deprivations are based on an indisputably meritless legal theory and thus are properly dismissed as frivolous. *See* Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). In Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005), the Fifth Circuit explained that a complaint is based upon an indisputably meritless legal theory if, for example, it "alleges the violation of a legal interest which clearly does not exist." Geiger, 404 F.3d at 373 (citations omitted). The Court went on to explain that because the inmate lacked a protected liberty interest in the substance of his claim, the lawsuit was frivolous as to that claim.

2

The same situation exists in this case. As noted above, the nature of the deprivations imposed upon Johnson did not implicate any constitutionally protected liberty interests. To the extent that he challenges these deprivations, he is claiming a liberty interest which does not exist. The Magistrate Judge did not err in recommending that these claims be dismissed as frivolous.

The Magistrate Judge went on to state that the fact that Johnson was reduced in time-earning status also did not rise to the level of a constitutional deprivation. The same claim was raised in Malchi, and the Fifth Circuit concluded that it was not sufficient to show a constitutional deprivation because the timing of the inmate's release was too speculative to afford a constitutionally cognizable right to a particular time-earning classification. Because Johnson failed to show that he was deprived of any constitutionally protected liberty interests, the Magistrate Judge recommended the lawsuit be dismissed.

Johnson filed timely objections to the Report of the Magistrate Judge. In his objections, he argues first that he had a liberty interest in remaining free from the disciplinary procedure altogether, because the State created such a liberty interest in the Mentally Retarded Offender Plan, the Health Services Manual, and the TDCJ-CID Disciplinary Rules and Procedures. However, this objection seeks to find a liberty interest in the state rules and regulations rather than the nature of the deprivation. In Sandin, as explained above, the Fifth Circuit specifically disapproved of discerning liberty interests in the language of the rules and regulations, stating that the proper analysis focused on the nature of the deprivations. This objection is without merit.

Johnson also says that he had a release date set for July 30, 2006, which was changed after the disciplinary case to January 15, 2007, because of his reduction in classification status from Line Class I to Line Class III. In Malchi, the loss of classification status based on the challenged disciplinary case changed the inmate's projected release date from November 5, 2000 to May 24, 2001. The Fifth Circuit held that the timing of Malchi's release, even on mandatory supervision rather than parole, was too speculative to afford him a constitutionally cognizable claim to the

"right" to a particular time-earning status. The Court therefore reversed the district court's grant of habeas corpus relief.

Like Malchi, Johnson did not lose any good time credits, but simply lost classification status, which changed the timing of his projected release date by approximately six months. Nonetheless, the Fifth Circuit concluded that Malchi had not set out a constitutionally cognizable claim because the timing of his release, dependent as it is on numerous factors, was too speculative to give rise to a constitutionally cognizable claim. Johnson's objections lack merit for the same reason.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 18th day of July, 2006.**

　　　　　　　　　　　　　　　　　　　　　　　DAVID FOLSOM
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE